IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERROL F. JAMES, II : CIVIL ACTION
:
v. :
:
MICHAEL J. ASTRUE, Commissioner :
of Social Security : NO. 08-3507

MEMORANDUM

Fullam, Sr. J.                                                 July 1, 2009

        The plaintiff in this social security disability case has been seeking benefits since 1999, including two earlier visits to this Court. The first case, assigned to Judge VanAntwerpen, was remanded in 2001 on the request of the defendant for further development of the record. In the second case, Judge Weiner issued a memorandum and order on June 9, 2003, granting the plaintiff's motion for summary judgment and remanding for a new hearing. For reasons not evident on the record, the hearing after the second remand was delayed until September 26, 2007.

        In the latest iteration, Magistrate Judge Caracappa has issued a thorough report, recommending that the case be remanded for yet another hearing. Although the delay in resolving the question of Mr. James's entitlement to benefits has been excessive, I agree with the Magistrate Judge that remand is necessary. The hypothetical to the vocational expert must "adequately capture and recite all of [the claimant's] mental impairments and the limitations caused by those impairments."

Ramirez v. Barnhart, 372 F.3d 546, 555 (3d Cir. 2004); see also Corona v. Barnhart, 431 F. Supp.2d 506, 516 (E.D. Pa.2006) ("The ALJ's determination that Plaintiff suffers mild restrictions in activities of daily living, moderate difficulties in maintaining social functioning and moderate difficulties in maintaining concentration is not properly reflected in her hypothetical question to the VE.").

In this case, on remand, the Commissioner, in determining whether or not the plaintiff is disabled, must consider, in addition to the limitations incorporated into the hypothetical to the vocational expert: the plaintiff's moderate limitations in social functioning, including limitations on the plaintiff's ability to interact with coworkers and supervisors, the plaintiff's fair ability to demonstrate reliability, and the plaintiff's moderate limitations in performing activities within a schedule.

An order will be entered.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam,         Sr. J.